IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KENT ARTHUR MAY,

    Plaintiff,

v.

MARC GARDNER, NORTH AMERICAN BANCARD, LLC, NORTH AMERICAN BANCARD, INC., and NORTH AMERICAN BANCARD HOLDINGS, INC.

    Defendants.
_____/

## COMPLAINT

Plaintiff, KENT ARTHUR MAY, by and through undersigned counsel, hereby sues Defendants, MARC GARNDER, NORTH AMERICAN BANCARD, LLC, NORTH AMERICAN BANCARD, INC. and NORTH AMERICAN BANCARD HOLDINGS, INC. and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. Plaintiff, KENT ARTHUR MAY ("Plaintiff") is a resident of Miami, Florida and is otherwise *sui juris*.

2. Defendant MARC GARDNER, is a resident of the State of Michigan and is otherwise *sui juris*.

3. Defendant NORTH AMERICAN BANCARD, LLC is a Delaware limited liability company with a registered office in Troy, Michigan.

4. Defendant NORTH AMERICAN BANCARD, INC. is a corporation organized and registered in Michigan.

- 1 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

5. Defendant NORTH AMERICAN BANCARD HOLDINGS, INC. is a corporation organized and registered in Michigan.

6. This matter is related to another action pending in the United States District Court for the Southern District of Florida, styled: Kent May v. Lake Front Group, Ltd., Case No. 12-20497-CIV-KING.

7. The matter in controversy exceeds the sum specified by 28 U.S.C. § 1332, exclusive of interest and costs. In the event that diversity jurisdiction does not apply, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

8. Plaintiff is a seaman within the meaning of 28 U.S.C. § 1916 and is entitled to file suit without prepayment of costs.

9. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state

10. The Defendant is subject to the jurisdiction of the Courts of this State.

11. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 30104 and the General Maritime Law of the United States.

12. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the vessel, *CHARGE IT*. This vessel was registered in a flag of convenience country. The vessel is currently located in Florida.

13. At all times material hereto, Defendants employed the Plaintiff.

14. At all times material hereto, Defendants were responsible for administering the Plaintiff's maintenance and cure.

15. At all times material hereto, Plaintiff's employer(s) was(were) the agent(s) of the ship owner and/or ship operator.

## FACTS COMMON TO ALL COUNTS

16. At all times material hereto, Plaintiff was employed as the captain on board the vessel, *CHARGE IT*.

17. On or about January 14, 2010, Plaintiff was aboard the vessel, which was returning to Miami, Florida from a voyage to the Caribbean.

18. During the return voyage to Miami on the above-referenced date, Plaintiff suffered injuries when he attempted to close the sunroof which was malfunctioning.

19. On or about May 16, 2011, Defendants discharged and/or terminated Plaintiff from employment without paying wages and/or reimbursements which were, and continue to be, rightfully due and owing to Plaintiff.

## COUNT I – JONES ACT NEGLIGENCE

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

20. On or about January 14, 2010, Plaintiff was employed by Defendants as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

21. It was the duty of Defendants to provide Plaintiff with a reasonably safe place to work.

22. On or about the above-referenced date, Plaintiff was injured while in the service of the vessel in the manner described above.

23. Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

   a. Defendants failed to provide and maintain a reasonably safe place for Plaintiff to work; and/or

   b. Defendants failed to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

   c. Defendants failed to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate equipment; and/or

   d. Defendants failed to provide and maintain safe equipment on board the vessel including, but not limited to, the sunroof of the vessel; and/or

   e. Defendants failed to provide and maintain safe work policies and procedures on board the vessel including, but not limited to, policies and procedures pertaining to the sunroof of the vessel; and/or

   f. Defendants failed to correct dangerous conditions and/or obstructions on board the vessel including, but not limited to, the sunroof of the vessel; and/or

   g. Defendants failed to make proper inspections of the vessel including, but not limited to, the sunroof of the vessel; and/or

   h. Defendants failed to ascertain the dangers of the subject sunroof and/or vessel to provide Plaintiff with an adequate warning; and/or

- 4 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

 i. Defendants failed to give proper warnings of known hazards on board the vessel including, but not limited to, the sunroof of the vessel; and/or

 j. Defendants failed to provide adequate training, supervision and/or instruction material to the happening of the incident including, but not limited to, training, supervision and/or instruction regarding the use and/or operation of the sunroof of the vessel; and/or

 k. Defendants failed to promulgate and/or enforce adequate safety rules on board the vessel including, but not limited to, rules regarding the use and/or operation of the sunroof of the vessel; and/or

 l. Defendants failed to promulgate and/or enforce adequate policies and/or procedures to ensure that the subject sunroof and/or vessel was being regularly inspected and/or maintained; and/or

 m. Defendants failed to make adequate and/or necessary repairs to the subject sunroof and equipment prior to the subject accident; and/or

 n. Defendants failed to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated his injuries and caused him additional pain and disability; and/or

 o. Defendants otherwise breached the duty of reasonable care due to other acts and omissions that may be uncovered as discovery and investigation continue.

24. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care, should have learned of them and corrected them.

25. As a result of Defendants' negligence, the Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff in the past has lost fringe benefits that come with Plaintiff's job, including, but not limited to found, free food, free shelter, free medical care, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues triable.

### COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

26. On or about the previously stated date, Plaintiff was a seaman and a member of the vessel's crew on Defendants' vessel, which was in navigable waters.

27. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendants.

28. Defendants had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

29. On or about the previously stated date, the unseaworthiness of Defendants' vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. Defendants failed to provide and maintain a reasonably safe place for Plaintiff to work; and/or

   b. Defendants failed to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

   c. Defendants failed to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate equipment; and/or

   d. Defendants failed to provide and maintain safe equipment on board the vessel including, but not limited to, the sunroof of the vessel; and/or

   e. Defendants failed to provide and maintain safe work policies and procedures on board the vessel including, but not limited to, policies and procedures pertaining to the sunroof of the vessel; and/or

   f. Defendants failed to correct dangerous conditions and/or obstructions on board the vessel including, but not limited to, the sunroof of the vessel; and/or

   g. Defendants failed to make proper inspections of the vessel including, but not limited to, the sunroof of the vessel; and/or

   h. Defendants failed to ascertain the dangers of the subject sunroof and/or vessel to provide Plaintiff with an adequate warning; and/or

   i. Defendants failed to give proper warnings of known hazards on board the vessel including, but not limited to, the sunroof of the vessel; and/or

   j. Defendants failed to provide adequate training, supervision and/or instruction material to the happening of the incident including, but not limited to, training,

supervision and/or instruction regarding the use and/or operation of the sunroof of the vessel; and/or

k. Defendants failed to promulgate and/or enforce adequate safety rules on board the vessel including, but not limited to, rules regarding the use and/or operation of the sunroof of the vessel; and/or

l. Defendants failed to promulgate and/or enforce adequate policies and/or procedures to ensure that the subject sunroof and/or vessel was being regularly inspected and/or maintained; and/or

m. Defendants failed to make adequate and/or necessary repairs to the subject sunroof and equipment prior to the subject accident; and/or

n. Defendants failed to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated his injuries and caused him additional pain and disability; and/or

o. Defendants otherwise breached the duty of reasonable care due to other acts and omissions that may be uncovered as discovery and investigation continue.

30. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.

The injuries and damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past has lost fringe benefits that come with Plaintiff's job, including, but not limited to found, free food, free shelter, free medical care, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – FAILURE TO PROVIDE MAINTENANCE AND CURE

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

31. On or about the previously stated date, Plaintiff was injured while in the service of the vessel as a crew member.

32. Under General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum possible cure or maximum possible improvement. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated, to the end of the contract or voyage, whichever is longer. Maintenance and cure is an on-going obligation of the Defendant from the date of the Plaintiff's injury up through trial and at times beyond as Plaintiff is allowed to bring serial lawsuits for maintenance and cure purposes. Although maintenance and cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC), it must be reinstated if the Plaintiff suffers a relapse of his condition that once again requires treatment to return the Plaintiff to an MMI/MMC status or if a cure becomes available that was not available to the Plaintiff at the time of the declaration of MMI/MMC. In addition, if an MMI/MMC declaration

is challenged by another physician the conflict must be resolved in favor of the crew member receiving the additional care (treatment)/cure that is recommended.

33. Defendants failed to provide Plaintiff with any maintenance and medically recommended cure, forcing the Plaintiff to have to suffer hardship with regards to his injury, which was aggravated as a result thereof.

34. Defendants' failure to provide Plaintiff with any maintenance and medically recommended cure was willful and callous. In addition, Defendants' refusal to pay Plaintiff's maintenance and cure delayed Plaintiff's ability to get timely medical care so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

35. Defendants' failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees and punitive damages under the General Maritime Law of the United States. Further, Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure, which aggravated his condition and caused Plaintiff to suffer additional compensatory damages, including, but not limited to, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, as well as lost earning or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all compensatory and punitive damages entitled by law and demands jury trial of all issues so triable.

### COUNT IV – FAILURE TO TREAT

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

36. On or about the previously stated date, the Plaintiff was employed by Defendants as a member of the vessel's crew. The vessel was in navigable waters.

37. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

38. Defendants negligently failed to provide Plaintiff with prompt, proper, adequate medical care after he sought treatment for his injuries. This conduct includes but is not limited to:

   a. Failure to provide prompt, proper, and adequate medical care to Plaintiff which aggravated his injuries, caused additional pain and disability, and/or delayed getting the care he needed; and/or

   b. Failure to select and utilize competent, skilled and properly trained medical care providers equipped with proper and adequate medical equipment with respect to the Plaintiff's medical care; and/or

   c. Failure to properly medically manage Plaintiff's medical care after Plaintiff was injured.

39. As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred additional medical expresses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's

work ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

40. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981), which states, in part, "negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT V – RETALIATORY DISCHARGE

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

41. At all times material hereto, Plaintiff was employed in good standing by Defendants on board the vessel, *CHARGE IT*.

42. Defendants discharged and/or terminated Plaintiff from employment as retaliation against Plaintiff for:

 a. Seeking legal assistance; and/or

 b. Employing an attorney; and/or

 c. Making a claim against Defendant; and/or

 d. Filing this or a similar lawsuit against Defendant.

43. As a direct and proximate result thereof, Plaintiff lost his job and suffered mental anguish, shame, humiliation, hurt feelings and depression. In addition, Plaintiff suffered damage and/or injury to his reputation, impaired ability to obtain employment in his profession(s),

impaired earning capacity and lost earnings.  The damages occurred in the past, are continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all claims so triable.

> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Counsel for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 373-3016
> Facsimile: (305) 373-6204
>
>
> By:   s/ Jason R. Margulies
> **JASON R. MARGULIES**
> Florida Bar No. 057916

- 13 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .